# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2023

Lyle W. Cayce
Clerk

————————

No. 22-20336

————————

Joseph Ukonu,

*Plaintiff—Appellant*,

*versus*

Robert L. Wilkie, *in his official capacity as Secretary of Veterans Affairs*; Francisco Vazquez, *in his official capacity as Medical Center Director of the Michael E. DeBakey VA Medical Center*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2018

———————————————————————

Before Jones, Clement, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Joseph Ukonu was fired from his position as a nurse at the Houston Veterans Affairs Medical Center ("VA") for "conduct unbecoming of a federal employee"—namely, misrepresenting the facts about an alleged on-

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20336

the-job injury.  Ukonu sued the VA under Title VII for national origin discrimination and retaliation.  *See* 42 U.S.C. § 2000e *et seq.*  The district court entered summary judgment in the VA's favor, which Ukonu now appeals.  Having reviewed *de novo* the briefs, the pertinent portions of the record, and the transcript of the summary judgment hearing, we AFFIRM.

The undisputed facts are these: Ukonu, a naturalized citizen of the United States, hails from Nigeria.  After serving in the U.S. Armed Forces, he worked as a nurse at the Houston VA from 2001 until his termination in 2019.  During those 18 years, he filed four complaints against the VA with the Equal Employment Opportunity Commission ("EEOC") alleging national origin discrimination and retaliation.[1]  On October 23, 2017, Ukonu reported that he had been assaulted by a co-worker the previous day, leaving him "seriously traumatized."  Specifically, he alleged that at 7:35 a.m., a co-worker rammed his chair with such force that he suffered whiplash.  He obtained medical care from the VA for his alleged injury.  The co-worker denied any physical contact and suggested the supervisor look at the security footage.  The VA police interviewed Ukonu, who maintained his story, and reviewed the security footage, which showed no physical contact, much less an assault.[2]  In the meantime, Ukonu filed his fourth EEOC complaint.  Months passed, and then he and VA representatives met to mediate the fourth EEOC claim on March 7th, 2019, which proved unsuccessful.  Ukonu

---

[1] He filed EEOC complaints in 2008, 2012, 2016, and 2017.

[2] The security footage revealed Ukonu sitting at his desk before 7:30 a.m. At 7:33 a.m., the co-worker walked behind Ukonu, who scooted forward so she could more easily pass him.  Neither the co-worker nor her bag touched him.  He arose from his seat at 7:48 a.m., shouldered his bag, and left the room exhibiting no physical impairments.  Ukonu complained to the district court that the clip he received from the VA during discovery began at 7:33 a.m. and ended at 7:49 a.m., so he could not show that the assault must have occurred earlier that morning.  The district court commented that Ukonu's counsel should have asked for more footage.

was terminated on March 28, 2019, for "unbecoming conduct" related to the October 2017 incident—specifically, filing a false report against a co-worker, fraudulently obtaining medical services, and lying to the police.

Assuming, *arguendo*, that Ukonu established a prima facie case of discrimination and retaliation, he has failed to meet his burden under the *McDonnell Douglas* framework to show that Appellees' stated reason for terminating his employment was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S. Ct. 1817, 1825 (1973). "In order to survive a motion for summary judgment, the plaintiff must show a conflict in substantial evidence on this issue." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1002 (5th Cir. 2022) (internal quotation marks omitted).

Ukonu does not dispute that a charge of "conduct unbecoming a federal employee" is a legitimate, nondiscriminatory reason for termination. For both his discrimination and retaliation claims, Ukonu raises two arguments to show that this stated reason was pretextual: first, that it was false because his doctor said the injury was real; and second, that it is unworthy of credence because the timing of his termination was suspicious.

First, Ukonu argues that he submitted summary judgment evidence reflecting that his co-worker injured him, despite the VA's video evidence to the contrary. Thus, according to Ukonu, the VA's stated reason was false. "[E]vidence challenging the substance of violations, *i.e.*, evidence demonstrating their falsity," may show pretext. *Laxton v. Gap Inc.*, 333 F.3d 572, 580 (5th Cir. 2003). Ukonu relies on a doctor's report from the day after the alleged incident, in which the doctor diagnosed Ukonu with a strained neck caused by a forceful bump consistent with Ukonu's story. This is enough, argues Ukonu, to create a factual dispute as to pretext.

We agree with the district court that whether Ukonu was in fact injured by his co-worker is irrelevant. To corroborate Ukonu's statement

that the assault took place at about 7:35 a.m., the VA police reviewed security footage and saw nothing Ukonu described. From the VA's perspective, Ukonu had not told the truth. Even if the VA's conclusion was incorrect, Ukonu has not provided evidence that would raise a fact issue that the VA's "erroneous decision" was "reached in bad faith." *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015). Thus, even though the doctor's report shows Ukonu had suffered an injury, it does not create a conflict in substantial evidence on whether the reason given for his termination was pretextual.

Second, Ukonu argues that the suspicious timing of his firing creates an inference of pretext. Temporal proximity "does not, on its own, establish . . . pretext." *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019). Such evidence must be combined "with other significant evidence of pretext . . . to survive summary judgment." *Id.* at 244 (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999)). Ukonu argues that it is highly suspicious that he was fired so soon after the mediation of his EEOC claim proved unsuccessful. Further, he questions why it took the VA sixteen months after the alleged incident to terminate his employment. Ukonu's supervisor, who ultimately recommended his removal, testified that conducting the initial investigation and then determining the consequences of employee misconduct take time. She testified further that in January 2018, the VA police issued a report to the division responsible for handling charges of employee misconduct, which at the time was processing a backlog of charges. The picture Ukonu attempts to paint, of the VA suddenly harkening back to a 2017 incident as a reason to fire him in 2019 for filing yet another EEOC complaint, is strained. At the very least, he has not proffered other significant evidence of pretext beyond the matter of timing to create a

genuine issue of material fact.[3]   Thus, his discrimination and retaliation claims fail.

Ukonu also asserts that he suffered a hostile work environment in retaliation for his protected activity.  The VA moved for summary judgment on the ground that Ukonu had failed to exhaust his administrative remedies for this claim and that he had not made out a prima facie case.  The district court declined to reach the substantive issues on the belief that it did not have jurisdiction over the claim due to Ukonu's failure to exhaust.  Citing *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1850–51 (2019), Ukonu argues that the exhaustion requirement is prudential, not jurisdictional.  This is correct, but we affirm the district court's dismissal of this claim nonetheless because Ukonu undisputedly failed to exhaust his administrative remedies.  The VA preserved this defense by properly raising it before the district court when moving for summary judgment.  *See id.* at 1849.

In sum, we hold that the district court was correct in finding that Ukonu failed to create a genuine factual dispute that he was fired by reason of his national origin or in retaliation for protected activity.

AFFIRMED.

_____

[3] Ukonu asserts that two of his supervisors had it in for him due to the outcome of his previous EEOC complaints, but he has no evidence of their bias beyond his subjective belief.  Further, he alleges that the VA waited until four days after mediation proved unsuccessful to give him his termination letter, which was dated March 5, 2019—two days before the scheduled mediation.  This too does not raise a fact issue as to pretext.  If anything, it shows that the VA wanted to give Ukonu one last chance to "come clean," not that the reason for firing him was false.